Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York

7:20-cv-10141

Megan Nason, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Class Action Complaint

Inventure Foods, Inc.,

Defendant

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Inventure Foods, Inc. ("defendant") manufactures, distributes, markets, labels and sells Baked Mozzarella Stick Snacks under the TGI Fridays brand ("Product") to consumers from retail and online stores.

2. According to reports, a down on his luck Wisconsin cheesemaker named Frank Baker had a novel idea to market snack-size pieces of mozzarella.

3. Unfortunately for Baker, there was little demand for his invention and he eventually sought employment at a local bowling alley, taking his surplus mozzarella with him.

4. One evening before closing, he experimented with the newly-installed deep fryers and mozzarella sticks were born.

5. Since then, mozzarella sticks have been a quintessential bar food and a staple of TGI Fridays, "one of the first American casual dining restaurants," known for "fun and fantastic food."

6. The key ingredient in mozzarella sticks, and why consumers desire this food, is mozzarella cheese, known for its mild, milky taste and stringy texture

7. Defendant's "Mozzarella Sticks Snacks" mislead consumers because it does not contain mozzarella cheese.



8.  In fact, the Product contains cheddar cheese, indicated on the ingredient list.

**INGREDIENTS:** ENRICHED CORN MEAL [CORN, FERROUS SULFATE, NIACIN, THIAMINE, MONONITRATE, RIBOFLAVIN, FOLIC ACID],, SOYBEAN OIL, AND/OR SUNFLOWER OIL, WHEY, SALT, ==CHEDDAR CHEESE== (MILK, CHEESE CULTURES, SALT, ENZYMES), MONOSODIUM GLUTAMATE, BUTTERMILK POWDER, CORN OIL, MALTODEXTRIN, NATURAL AND ARTIFICIAL FLAVORS, TORULA YEAST, AUTOLYZED YEAST EXTRACT, RED #40 LAKE, LACTIC ACID, SODIUM CASEINATE, DISODIUM PHOSPHATE, YELLOW #5 LAKE, SUNFLOWER OIL, DISODIUM INOSINATE AND DISODIUM GUANYLATE, TURMERIC EXTRACT (COLOR), BLUE #1 LAKE, CALCIUM CARBONATE.

9.  In contrast to mozzarella cheese, cheddar is a "hard" cheese less suitable for chewing and lacks the dairy taste of real mozzarella.

10. While both are high in protein, mozzarella is more nutritious because it contains more calcium and less fat and calories than cheddar.

11. Though the Product's front label states "Natural and Artificially Flavored," no reasonable consumer will expect this statement means they should not expect *any* mozzarella cheese.

12. This is not a situation where a consumer cannot expect any cheese in the Product since snack foods often contain cheese as an ingredient and the Product contains cheese, just not the one advertised on its label.

13. The Product's labeling – "Natural and Artificially Flavored" – fails to tell consumers it will not contain mozzarella cheese.

14. The Product's labeling fails to follow the regulations for designating a food's name and characterizing flavor. 21 C.F.R. § 101.3; 21 C.F.R. § 101.22(i).

15. These regulations require that a food is named with an appropriately descriptive term which describes the "basic nature of the food or its characterizing properties or ingredients." 21 C.F.R. § 102.5(a).

16. The minute front label statement of "Natural and Artificially Flavored" means that the Product contains artificial mozzarella cheese flavor.

17. Defendant's flavor statement is intended to disavow the presence of any mozzarella cheese, a sleight of hand on the hurried consumer who spends only seconds making a purchase.

18. Though the Product is named "Mozzarella Sticks Snacks," this is a misleading common or usual name because the ingredient in the greatest amount present is cornmeal and it has no mozzarella cheese.

19. Therefore, a common or usual name could be "cornmeal snacks, artificially flavored mozzarella."

20. Because the Product lacks a non-misleading common or usual name, i.e., cornmeal snacks, consumers do not conclude that "Natural and Artificially Flavored" modifies "Mozzarella Sticks Snacks."

21. By using "mozzarella" as part of the Product's name, consumers will get the false impression the Product contains actual mozzarella as an ingredient in an appreciable, non de minimis amount.

22. Defendant's branding and packaging of the Product is designed to – and does –

4

deceive, mislead, and defraud plaintiff and consumers.

23.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

24.     The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

25.     Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

26.     As a result of the false and misleading labeling, the Product is an sold at a premium price, approximately no less than $1.29 per 2.25 OZ compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

## Jurisdiction and Venue

27.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

28.     Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

29.     Plaintiff Megan Nason is a citizen of New York.

30.     Defendant Inventure Foods, Inc. is a Delaware corporation with a principal place of business in Goodyear, Maricopa County, Arizona and is a citizen of Arizona.

31.     "Minimal diversity" exists because plaintiff Megan Nason and defendant are citizens of different states.

32.     Upon information and belief, sales of the Product exceed $5 million during the

applicable statutes of limitations, exclusive of interest and costs.

33. Venue is proper in this because a substantial part of the events or omissions giving rise to the claim occurred here, such as the consumption of the Product and recognition the representations were false and misleading.

34. Venue is further supported because many class members reside in this District.

Parties

35. Plaintiff Megan Nason is a citizen of Port Jervis, Orange County, New York.

36. Defendant Inventure Foods, Inc. is a Delaware corporation with a principal place of business in Goodyear, Arizona, Maricopa County.

37. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within her district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

38. Plaintiff purchased the Product on more than one occasion, including in or around July 2019 at stores including but not necessarily limited to Walmart, 220 Route 6 & 209, Milford, PA 18337, a few miles across the New York border from were she resides in Port Jervis.

39. Plaintiff bought the Product at or exceeding the above-referenced price because he liked the product for its intended use and relied upon the front label claims and description.

40. Plaintiff bought the Product at or exceeding the above-referenced price because she liked the product for its intended use and relied upon the front label claims, and expected some mozzarella cheese, and did not expect the Product would only contain cheddar cheese.

41. Plaintiff was deceived by and relied upon the Product's deceptive labeling.

42. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

43. The Product was worth less than what Plaintiff paid for it and she would not have

paid as much absent Defendant's false and misleading statements and omissions.

44. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labels are consistent with the Product's components.

## Class Allegations

45. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

46. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

47. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

48. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

49. Plaintiff is an adequate representative because her interests do not conflict with other members.

50. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

51. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

52. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

53. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

56. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

57. Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

58. The amount and proportion of the characterizing component, mozzarella cheese, has a material bearing on price and consumer acceptance of the Product.

59. Plaintiff expected the Product to have more mozzarella cheese than it did – at least to have *some* mozzarella cheese.

60. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

61. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

64. The amount and proportion of the characterizing component, mozzarella cheese, has a material bearing on price and consumer acceptance of the Product.

65. Plaintiff expected the Product to have more mozzarella cheese than it did and contain more mozzarella cheese than other cheeses, because that is what the front label said.

66. Plaintiff expected a mozzarella cheese tasting product which he did not receive.

67. Defendant had a duty to disclose the true identity of the Product on the front label.

68. This duty is based on defendant's position, trading on the name of one of the restaurant brands most associated with mozzarella sticks, TGI Fridays, which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

69. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

70. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

71. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

72. Plaintiff incorporates by reference all preceding paragraphs.

73. The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, organoleptic, and/or compositional attributes it did not.

74. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

75. This duty is based, in part, on defendant's use of the TGI Friday's brand name, one of the most recognized companies in the nation with respect to this item.

76. Plaintiff provided or will provide notice to defendant, its agents, representatives, and their employees.

77. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

78. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because plaintiff expected a product that contained mozzarella cheese in an appreciable amount.

79. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

80. Plaintiff incorporates by reference all preceding paragraphs.

81. Defendant misrepresented the substantive, quality, compositional and/or organoleptic attributes of the Product.

82. Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

83. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Unjust Enrichment

84. Plaintiff incorporates by reference all preceding paragraphs.

85. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek

restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   December 3, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:20-cv-10141
United States District Court
Southern District of New York

Megan Nason, individually and on behalf of all others similarly situated,

           Plaintiff,

 - against -

Inventure Foods, Inc.,

           Defendant

## Class Action Complaint

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: December 3, 2020

                       /s/ Spencer Sheehan
                       Spencer Sheehan