

April 26, 2021

**VIA ECF**

**Richard Fama**
Direct Phone   212-908-1229
Direct Fax       866-263-1334
rfama@cozen.com

Honorable Cathy Seibel
United States District Judge
U.S. District Court for the S.D.N.Y.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:   *Nason v. Inventure Foods, Inc.*, Case No. 7:20-cv-10141
      Pre-Motion Conference Letter

Dear Judge Seibel:

    We represent Defendant Inventure Foods, Inc. ("Inventure") in the above-referenced matter. Inventure wishes to move to dismiss Plaintiff's Complaint and, as a result, requests a pre-motion conference as required by Section 2(A) of this Court's Individual Practices. Inventure submits this Pre-Motion Conference Letter in support of its request.

**I.     Factual Background**

    This is a consumer class action lawsuit relating to Inventure's "TGI Fridays Mozzarella Sticks Snacks" ("Snacks"). The Snacks are shelf-stable, corn-based puff snack products that are often found in gas stations and convenience stores alongside other salty snacks, such as potato and tortilla chips, pretzels, and popcorn. The principal display panel of the Snacks' packaging depicts the actual product inside and states that the Snacks are flavored similarly to the "Original Mozzarella Sticks" that one would find in a restaurant.




Plaintiff brings this putative class action on the theory that the Snacks do not contain mozzarella cheese, and that the use of the phrase "Mozzarella Sticks" is misleading because of the popularity of the fried appetizer.

LEGAL\52010302\1

Honorable Cathy Seibel
April 26, 2021
Page 2

_____

**II.     Legal Argument**

Inventure intends to move to dismiss on the following primary bases, among others.

**A.     GBL §§ 349 and 350 Claims**

To state a claim under GBL §§ 349 or 350, a plaintiff must allege, among other things, that a "challenged act or practice . . . was misleading in a material way." *Twohig v. Shop-Rite Supermarkets, Inc.*, No. 20-cv-763 (CS), 2021 WL 518021 at *3 (S.D.N.Y. Feb. 11, 2021).  A plaintiff is required to "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Id.*

The analysis in *Twohig*—a matter brought by the same Plaintiff's counsel as here and decided by Your Honor—is helpful. *Twohig* involved a brand of soymilk which was labeled as "Vanilla." *Id.* at *1.  The plaintiff there alleged that consumers were deceived into believing that the flavoring was either predominantly or exclusively from vanilla beans and not artificial flavoring.  This Court rejected the GBL claims, reasoning that "[a] reasonable consumer would understand that 'vanilla' is merely a flavor designator, not an ingredient claim." *Id.* at *3.

Plaintiff alleges that "mozzarella sticks" are a "quintessential" bar food.  That bar food is made using pieces of mozzarella cheese which are then coated with breading and seasoning and deep fried.  Furthermore, Plaintiff contends that consumers desire mozzarella sticks because mozzarella cheese is "known for its mild, milky taste and stringy texture."

On these allegations, no reasonable consumer would be misled by the subject labeling to believe that inside the package was the same "quintessential bar food" you may purchase at a local restaurant.  There are no pictures of mozzarella cheese on the packaging.  There are no other words or phrases on the packaging that suggest in any way that the Snacks are made—in whole or in part—from mozzarella cheese.  Rather, based on the picture and text on the front label, it is abundantly clear that the Snacks are a crunchy, shelf-stable puff snack food.  Additionally, the Snacks' label clearly states that the Snacks are "naturally and artificially flavored" which indicates that they are flavored to taste similar to the hot, deep-fried appetizer that one would purchase in a restaurant.  No reasonable consumer would be misled.

**B.     Warranty Claims**

Plaintiff alleges in a single cause of action an alleged breach of express warranty and implied warranty of merchantability, and a violation of the Magnuson Moss Warranty Act.

Plaintiff's breach of express warranty claim is insufficient because there is no express representation that the Snacks contain mozzarella cheese.  "An express warranty is an 'affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain.'" *Twohig*, 2021 WL 518021 at *9 (quoting N.Y. U.C.C. § 2-313(1)(a)).  Plaintiff alleges that the Snacks were "warranted . . . that they possessed substantive, quality, organoleptic, and/or compositional attributes it did not."  This identical allegation was rejected in *Twohig*. *Id.*  There is no express statement that the Snacks contain mozzarella cheese, and Plaintiff's express warranty claim, therefore, should be dismissed.

Additionally, Plaintiff's breach of implied warranty claim fails.  "A breach of the implied warranty of merchantability occurs when the product at issue is 'unfit for the ordinary purposes

for which such goods are used.'" *Twohig*, 2021 WL 518021 at *9 (quoting N.Y. U.C.C. § 2-314(c)).  In a case such as this, the "ordinary purpose" would be consumption of the snack food. *Cf. id.* (noting implied warranty of merchantability claim related to whether subject organic vanilla soymilk was "unfit to drink").  Because Plaintiff is not alleging that the food was "unfit" to consume, the breach of implied warranty claim fails.

Finally, Plaintiff's Magnuson Moss Warranty Act claim falls with the dismissal of Plaintiff's other warranty claims.  *See id.* at *9 n.8 ("Regardless, Plaintiffs' claim brought under the Magnuson Moss Warranty Act is dismissed because Plaintiffs have not adequately pleaded a cause of action for breach of written or implied warranty.").

### C.     Fraud Claim

A claim for common law fraud requires allegations, among others, that: "the defendant intended to defraud the plaintiff."  *Id.* at *7.  A claim for fraud "must be pleaded 'with particularity'" which includes, among other things, allegations of "where and when the statements (or omissions) were made."  *Id.*  Moreover, "Rule 9(b) also requires plaintiffs to 'allege facts that give rise to a strong inference of fraudulent intent.'"  *Id.*

Plaintiff fails to sufficiently allege intent.  Within the fraud count, Plaintiff alleges "Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers."  This Court has found such an allegation to be "conclusory" and insufficient to state a claim for fraud.  *Id.* at *8 (rejecting verbatim allegation).

Moreover, Plaintiff has not adequately alleged the "when and where" for her fraud claim.  In Paragraph 38 of her Complaint, she alleges specifically that she purchased the Snacks in Pennsylvania; however, it says that she purchased it "on more than one occasion."  Plaintiff has not pleaded these other alleged purchases with particularity.

### D.     Unjust Enrichment Claim

As this Court has explained, "Courts will routinely dismiss an unjust enrichment claim that 'simply duplicates, or replaces, a conventional contract or tort claim.'"  *Id.* at *9.  Plaintiff's unjust enrichment claim is premised on the same alleged conduct that forms the basis of her remaining claims and, therefore, this claim should be dismissed.

The foregoing represents the primary bases upon which Inventure intends to move to dismiss this action.  We thank Your Honor for her time and attention to this matter and look forward to participating in a pre-motion conference at the Court's convenience.

Respectfully Submitted,

COZEN O'CONNOR

*/S/ RICHARD FAMA*

BY:     RICHARD FAMA

CC:     COUNSEL OF RECORD

LEGAL\52010302\1